IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Royal Schnauzers, LLC<br><br>　　Plaintiff,<br><br>vs.<br><br>Dukes Royal Schnauzers, ZAK McBRIDE, and MARLAYNA McBRIDE,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:20-CV-00170-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Zak McBride and Marlayna McBride ("Defendants") Motion to Reopen Case, Request for Summary Judgment Pursuant to Rule 12(d), and Attorney's Fees. (ECF No. 21.) Defendants filed their Motion on April 23, 2021. Plaintiff, Royal Schnauzers, LLC ("Royal"), and its counsel did not file a reply. The court has reviewed the law and facts relevant to this Motion and issues the following Memorandum Decision and Order.

### INTRODUCTION

On December 2, 2020, Royal filed a complaint against Defendants asserting federal trademark infringement, Utah statutory unfair competition, and Utah common law unjust enrichment claims against Defendants. In February, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. After Plaintiff filed its response to the Motion to Dismiss, the court ordered Plaintiff to file additional briefing addressing standing, mootness, and personal jurisdiction. Instead of filing additional briefing, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)

of the Federal Rules of Civil Procedure. According to Plaintiff's notice, the dismissal was without prejudice.

Shortly after Plaintiff's Rule 41(a) Notice of Voluntary Dismissal, Defendants filed the instant motion, requesting that the court reopen the case to dismiss Plaintiff's claims with prejudice and award $3,425.62 in attorney's fees paid to lawyers who consulted with Defendants on this matter but never entered an appearance in the case. (ECF No. 21, Ex. A.) As noted, Plaintiff failed to respond to Defendants' Motion. The court must, therefore, address the merits of Defendants' claims and requests without input from Plaintiff.

## DISCUSSION

The court will address Defendants' Motion in two parts. First, the court will discuss whether Plaintiff's Rule 41(a)(1)(i) voluntary dismissal without prejudice was proper. Second, the court will consider the impact that Plaintiff's Rule 41 voluntary dismissal has on Defendants' request for fees.

1. **The Rule 41(a)(1)(i) Notice of Voluntary Dismissal**

The issue of whether Plaintiff's Rule 41(a) voluntary dismissal was improper in this case is a matter of pure statutory interpretation of Rules 12 and 41 of the Federal Rules of Civil Procedure. The relevant portion of Rule 41 states that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed R. Civ. P. 41(a)(1)(A)(i). Thus, in the absence of a motion for summary judgment or an answer, a plaintiff does not need a court order to dismiss its case. In this context, the voluntary dismissal is presumed to be without prejudice "[u]nless the notice or stipulation states otherwise" or "the plaintiff previously dismissed any

federal- or state-court action based on or including the same claim." *Id.* at 41(a)(1)(B). The Tenth Circuit has explained that

> [t]he filing of a Rule 41(a)(1)(i) notice itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

*Id.* (citations and internal formatting omitted). Accordingly, the court may not disrupt Plaintiff's voluntary dismissal or address the merits of its claims unless the Rule 41(a) motion was improper.

The issue here is whether Defendants' Motion to Dismiss constituted a motion for summary judgment, thereby eliminating Plaintiff's ability to voluntarily dismiss its Complaint without the court's permission. In this instance, Defendants argue that Rule 12(d) dictates that their Motion to Dismiss should have been construed as a motion for summary judgment because it included facts outside of the pleadings. Rule 12(d) of the Federal Rules of Civil Procedure states that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Thus, it is only when a party bases their motion to dismiss on Rule 12(b)(6) or 12(c) that a court may convert the motion to dismiss into a motion for summary judgment. *Id.* Here, however, Defendants' motion was pursuant to Rule 12(b)(1) and, therefore, the court may not convert Defendants' motion to dismiss into one for summary judgment. (*See generally* ECF No. 12 (stating throughout that the Motion to Dismiss is for lack of subject-matter jurisdiction).) Accordingly, the court finds that Plaintiff's Notice of Voluntary

Dismissal was proper because there was no motion for summary judgment or answer filed in this matter. Additionally, the dismissal is without prejudice according to Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure.

## 2. **Request for Attorney's Fees**

Now that the court has found that the voluntary dismissal was proper and without prejudice, it must consider the implications of such a finding on Defendants' request for fees. As noted above, Plaintiff's voluntary dismissal closed this matter and may have impacted Defendants' ability to collect fees under 15 U.S.C. § 1117. Neither party has addressed these issues.[1] Therefore, the court orders both parties to file simultaneous briefing addressing four topics.

First, can the court address the collateral issue of attorney's fees under 15 U.S.C. § 1117 following a Rule 41(a)(1)(i) voluntary dismissal? *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) (discussing whether a district court may impose attorney's fees sanctions following a plaintiff's Rule 41(a)(1)(i) voluntary dismissal). Second, assuming the court may consider Defendants' request for fees, are Defendants a "prevailing party" following a Rule 41(a)(1)(i) voluntary dismissal? *See Xlear, Inc. v. Focus Nutrition*, LLC, 893 F.3d 1227, 1236–37 (10th Cir. 2018) (discussing whether a party is a prevailing party after a Rule 41(a)(1)(ii) stipulated dismissal with prejudice.) Third, assuming Defendants are the prevailing party, do the facts of this matter constitute an "exceptional case" worthy of an attorney's fees award under 15

---

[1] The court notes that there have been issues with the prosecution of this case. For example, it appears that the Complaint was not supported by much research into the factual basis forming the allegations contained therein. As Judge Bennett noted, there were obvious concerns whether the court could exercise jurisdiction over this matter. The issue of jurisdiction in this case appears to be simple and straightforward. Additionally, the court is concerned by Plaintiff' failure to file a response to the motion before the court now.

4

U.S.C. § 1117? Fourth, assuming fees should be awarded, can the court award costs or fees under 15 U.S.C. § 1117 to pro se litigants where the litigants' counsel never entered an appearance in the matter?[2]

The parties shall file their briefs on **June 9, 2021, by 11:59 pm**. Both parties should feel free to address other issues that they may deem relevant and applicable to the court's analysis regarding whether the court should grant Defendants' request for fees under 15 U.S.C. § 1117.

## CONCLUSION

For the foregoing reasons, the court DENIES Defendants' request to reopen this matter. The case, therefore, remains closed and dismissed without prejudice. The court will reserve the collateral issue of whether it should grant Defendants' request for fees. As noted, the court orders the parties to file additional briefing to address the issues the court detailed above. Both parties' briefs are due on **June 9, 2021 by 11:59 pm.**

Dated this 26th day of May, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[2] It appears that in most contexts pro se litigants are not entitled to attorneys' fees. *See e.g., Kay v. Ehrler*, 499 U.S. 432 (1991) (discussing "whether an attorney who represents himself in a successful civil rights action may be awarded [attorneys' fees] under 42 U.S.C. § 1988."); *Debry v. Noble*, 1 F.3d 1249 (10th Cir. 1993) (concluding "that the right to recover attorney's fees under the bad faith doctrine does not extend to pro se litigants."). The court has not discovered any cases discussing recoupment of fees for pro se litigants in the trademark context or where the pro se litigant did incur fees but without the attorney's formal entry into the matter.