IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROYAL SCHNAUZERS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>DUKES ROYAL SCHNAUZERS, ZAK MCBRIDE, AND MARLAYNA MCBRIDE,<br><br>    Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 1:20-CV-00170-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants', Zak McBride and Marlayna McBride, Motion to Reopen the Case, Request for Summary Judgement, and Attorneys' Fees. (ECF No. 21.) On May 26, 2021, the court denied Defendants' requests to reopen the case, for summary judgment, and to dismiss the case with prejudice. (ECF No. 22.) In that same order, the court reserved the ability to address the issue of attorneys' fees and ordered the parties to submit briefing on whether fees were justified here. (ECF No. 22.) The parties have both submitted their briefing and the court feels that a hearing is unnecessary to resolve the remaining portion of Defendants' motion. Accordingly, the court issues the following Memorandum Decision and Order.

### INTRODUCTION

On December 2, 2020, Plaintiff filed this action against Defendants Dukes Royal Schnauzers, Zak McBride, and Marlayna McBride alleging federal trademark infringement. (ECF No. 2.) Plaintiff also asserted state law claims for unfair competition and unjust enrichment. (ECF No. 2.) In response to the Complaint, Defendants filed a Motion to Dismiss,

arguing that Dukes Royal Schnauzers is a Facebook page—not a corporate entity—that no longer exists and, while it existed, Dukes Royal Schnauzers never sold a single animal in either California, Utah, or any other state. (ECF No. 12 at 1–2.) After Plaintiff filed its Response to Defendants' Motion to Dismiss (ECF No. 16), the court ordered Plaintiff to file additional briefing addressing standing, mootness, and personal jurisdiction. (ECF No. 18). Apparently realizing the glaring deficiencies in facts underlying the Complaint, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 19.)

Just one week after receiving the Notice of Voluntary Dismissal, Defendants filed the instant motion. Along with their motion, Defendants' requested fees and included invoices allegedly from the law firm Kirton McConkie, showing that Defendants had sought legal advice regarding this dispute. (ECF No. 21 at 11–14.) It also appears from the attached bills that the Defendants' lawyers informally represented Defendants in this matter because the lawyers never entered an appearance before the court. (ECF No. 21 at 11–14.) The attachments also show that the lawyers performed tasks like performing legal research, engaged in settlement discussions, and drafted emails to opposing counsel. (ECF No. 21 at 11–14.)

Plaintiff seemingly ignored Defendants' motion and failed to file a response. The court felt that some of the issues could be decided on Defendants' motion alone. Specifically, the court denied Defendant's motion to the extent that they sought to undo Plaintiff's Notice of Voluntary Dismissal without prejudice. (ECF No 22.) Regarding the issue of fees, however, the court needed additional briefing to understand the facts and legal arguments, so it ordered the parties to file additional briefing. (ECF No. 22.)

## DISCUSSION

In its Order for Additional Briefing, the court ordered the parties to brief the following issues: (A) can the court address the collateral issue of attorney's fees under 15 U.S.C. § 1117 following a Rule 41(a)(1)(i) voluntary dismissal; (B) are Defendants a "prevailing party" following a Rule 41(a)(1)(i) voluntary dismissal; (C) is this an "exceptional case" worthy of a fees award under 15 U.S.C. § 1117; and (D) can the court award fees in a trademark case to pro se Defendants when their counsel never entered an appearance in the matter. The court will address each of these issues as well as (E) Defendants' newly raised request for Rule 11 sanctions.

### A. Jurisdiction

In its Order for Additional Briefing, the parties were directed to brief whether the court had jurisdiction to "address the collateral issue of attorney's fees under 15 U.S.C. § 1117 following a Rule 41(a)(1)(i) voluntary dismissal." (ECF No. 22 at 4.) The court must not have been clear on this order because neither party addressed this topic. The court, nevertheless, feels comfortable that it may address the attorneys' fees issue as a collateral issue following a Rule 41(a)(1)(i) voluntary dismissal. *See Cooter v. Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).

The court may exercise jurisdiction over Defendants' fee requests under both Federal Rule of Civil Procedure 11 and 15 U.S.C. § 1117 under the reasoning in *Cooter and Gell. Id.* Regarding Rule 11, the Supreme Court held that "nothing in the language of Rule 41(a)(1)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal." *Id.* at 398. The court so held because "a voluntary dismissal does not expunge the Rule 11 violation" and, therefore, courts may exercise jurisdiction to address the violation. *Id.* Regarding fees under 15 U.S.C. § 1117, the Court also "indicated that

motions for costs or attorney's fees are independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree." *Id.* at 395 (quotation marks, formatting, and citation omitted). Thus, determinations of collateral issues—which are not judgments or evaluations of the merits of the underlying action—"may be made after the principal suit has been terminated." *Id.*

For the foregoing reasons, the court may exercise jurisdiction to resolve the attorneys' fees request despite the Notice of Voluntary Dismissal.

### B. Prevailing Party

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) "Thus, a party seeking an award of attorneys' fees must demonstrate that (1) it is a 'prevailing party' and (2) the case is 'exceptional.'" *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1236 (10th Cir. 2018). There are numerous definitions of what it means to be a "prevailing party." The court finds that the *Xlear, Inc.* court's definition is helpfully succinct and instructive: "to establish that it was a prevailing party, a litigant must demonstrate the existence of judicial *imprimatur* by identifying judicial action that altered or modified the legal rights of the parties." *Id.* at 1239. In this instance, the court is persuaded that Defendants are not considered the prevailing party because there is no judicial *imprimatur* following a Rule 41(a)(1)(A)(i) voluntary dismissal.

The *Xlear Inc.* court discussed "prevailing party" status following a Rule 41(a)(1)(A)(ii) stipulated voluntary dismissal. *See id.* at 1236–39. During its discussion, the Tenth Circuit noted that a stipulated voluntary dismissal "did not permit the district court to take any action relative to the merits of" the parties claims or counterclaims because a Rule 41 stipulation of voluntary dismissal "cannot be conditioned by the court" and "does not call for the existence of any

discretion on the part of the court. Once the stipulation of dismissal is filed, the action on the merits is at an end." *Id.* at 1238 (citing *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989)). Thus, a Rule 41(a)(1)(A)(ii) lacks the necessary judicial *imprimatur* to declare that one party has prevailed. *Id.*

Rule 41(a)(1)(A)(i) voluntary dismissals have a similar operation under the law as the Rule 41(a)(1)(A)(ii) stipulated dismissals as described above. As noted in the court's previous order:

> The [filing of a Rule 41(a)(1)(i) notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

*Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (citation omitted). Thus, the court finds that because a Rule 41(a)(1)(a)(i) voluntary dismissal does not permit a court to take any action regarding the merits of the claim, Defendants here are not a prevailing party. The voluntary dismissal does not carry the necessary *imprimatur* of the court to find that Defendants are a prevailing party.

### C. Exceptional Case

As noted, to recover fees under the Lanham Act, a party must establish both "that (1) it is a 'prevailing party' and (2) the case is 'exceptional.'" *Xlear, Inc.,* 893 F.3d at 1236. Since the court found that Defendants are not a prevailing party it will not address whether this case is "exceptional" for the purposes of attorneys' fees under the Lanham Act.

D. <u>Pro Se Litigant Fees</u>

The court declines to address whether it could award attorneys' fees to Defendants in this instance because it concluded that Defendants are not a "prevailing party" and, therefore, they could not recover fees under 15 U.S.C. § 1117 even if the law permitted such an award to pro se litigants.

E. <u>Rule 11 Sanctions</u>

In Defendants' additional briefing ordered by the court, Defendants suggest, for the first time, that Rule 11 sanctions are appropriate in this case. (ECF No. 24.) The court agrees with Defendants that Rule 11(b) is potentially at issue in this case. Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances:*
> (1) it is not being presented for any improper purpose, such as to harass, . . .
> . . .
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(1), (3) (emphasis added). The court has concerns about Plaintiff and its counsels' satisfaction of the Rule 11(b) requirement of performing a reasonable inquiry before filing a complaint.[1]

---

[1] The court has concerns about whether Plaintiff and its lawyers conducted a reasonable inquiry into the factual allegations underlying the Complaint. As Defendants contend in their Motion to Dismiss: (1) "'Dukes Royal Schnauzers,' is not nor has ever been a California corporation"; (2) "'Dukes Ryal Schnauzers,' was a Facebook page"; (3) Defendants' have "never sold a Schnauzer or been contacted by a potential buyer"; (4) Defendants have "never sold an animal in the state of Utah" or California; and (5) none of Defendants' schnauzers "have ever been pregnant or produced a litter of puppies." (ECF No. 12 at 1–2.) Defendants made these assertions under penalty of perjury and threat of potential Rule 11 sanctions. Thus, it appears to the court that a reasonable inquiry into Dukes Royal Schnauzers would have uncovered the deficiencies in the factual claims asserted in the Complaint. In the future, Plaintiff and counsel should be more thorough in performing a reasonable inquiry.

Despite the court's concerns, it cannot consider the Rule 11 sanctions request because Rule 11's procedural requirements have not been satisfied. Specifically, Rule 11 sanctions cannot be issued until "after notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1). Since Defendants have only now raised this request following the court-ordered briefing, Plaintiff has not been given reasonable notice or opportunity to respond. Additionally, "[a] motion for sanctions *must be made separately from any other motion* and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2) (emphasis added). Defendants' request for Rule 11 sanctions was raised in its court-ordered briefing that stems from their Motion to Reopen the Case, Request for Summary Judgment, and Attorneys' Fees. (ECF No. 21.) Since Defendants made their Rule 11 request in conjunction with other motions, the court cannot entertain Defendants' request. As a final matter of caution to the parties, the court notes Rule 11's provision that allows, "the court [to] award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the [Rule 11] motion." Fed. R. Civ. P. 11(c)(2).

## CONCLUSION

For the foregoing reasons, the court DENIES Defendants' Request for Attorneys' Fees as advanced in their Motion to Reopen the Case, for Summary Judgment, and Attorneys' Fees. (ECF No. 21.) The court has now resolved all the arguments and motions raised in Defendants' motion. The matter is now closed.

DATED this 16th day of June, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge